Case number 12-1034 at L. Spurlino Materials of Indianapolis LLC Petitioner v. National Labor Relations Board. Mr. Finkla for the petitioner, Mr. Laurel for the respondent. Good morning, your honors, and may it please the court. My name is Jack Finkley, and I represent the petitioner. And I'm here today because the National Labor Relations Board, in this case, improperly determined a strike was partially motivated by a three-and-a-half-year-old discharge. The National Labor Relations Board also improperly refused to recognize that a bargaining unit engaged in an illegal partial strike, or was doing so, despite the unit's express indication that it would perform some work and would not perform other work. And we're here because the National Labor Relations Board combined two entities into one without a precipitating event characteristic of a single-employer relationship. With respect to, first, the nature of the strike, whether the strike was an economic strike or an unfair labor practice strike. You frame that as either-or, but that's not the doctrine, is it? The doctrine gives the union the benefits of an unfair labor practice strike, even if the strike, I guess, is 90 percent economic. Yes, Judge Williams, you're correct. The strike need only partially be motivated by unfair labor practices in order to be classified- Although I don't think the cases are really that clear, I guess. You would have to prevail. You have to show that the unfair labor practice was zero, played zero role in the decision to strike. I would agree that we would have to prove it played zero in the motivation category. As far as whether it played nothing at all into the matter is a different story. And the cases, including the cases I cited, indicate that it has to be at least partially motivated by an unfair labor practice. In this case, the evidence that came out suggesting an unfair labor practice motive was self-serving information that involved- Yeah, I mean, the administrative law is clear that agencies are allowed to rely on self-serving evidence. In fact, the world could hardly carry on if people did not rely on self-serving evidence, since a huge proportion of evidence in the world is self-serving. I would agree that self-serving evidence is not necessarily or automatically inadmissible. But the clear direction from the standards of review in the cases are that if you're relying just on self-serving evidence, you also, as a person in an administrative agency or a board and second as a court, to look at the entire record and determine whether the entire record diminishes whether that self-serving evidence is marking a true unfair labor practice motive. What do you mean by self-serving? It's testimony that is not verifiable and in necessarily one's own best interest. When you say not verifiable, you mean it's testimony about what happened by one side that supports what that one side wants? Is that what you mean? I mean, if someone says, I was feeling this way, that may be a piece of self-serving evidence. If someone says, of course our strike is an unfair labor practice strike because it wouldn't be protected otherwise, that's self-serving evidence. Well, that sounds more like a conclusory. The first one, how do we find out motive if the witness doesn't testify about what the motive was? Are you saying that testimony about what your motive was should be rejected? I'm saying if that's the only evidence, you have to look at the remainder of the evidence, even though the standard of review is whether substantial evidence exists. Isn't all the testimony by the employer also self-serving? That is, to pick up on Judge Williams' point, wouldn't you expect each side to put on the evidence that serves their side? I would certainly expect each side to highlight that evidence. But if someone is testifying strictly to... When you make this argument today, are you going to give us all the reasons why you're wrong? You're only going to give us the argument about why you're right, isn't that right? That's what an advocacy system is about. Judge Garland, I absolutely will... Because I'd be interested in hearing why you're wrong if you want to. I expect to provide you with my argument, and I also expect to be asked questions about the other side's argument and what is wrong with our case. How do you determine motivation when you have a multi-member body? Even if every union member voted to strike, it doesn't necessarily mean that every union member shared the same, quote, motivation. How is that even possible, other than by some objective standard? I believe it would fairly be impossible from an exactitude standpoint. However, the way general labor relations work is you look at the overall body or the majority of what is happening. And in this case, we had two individuals who were in the bargaining unit who testified, and they testified to a wide range of topics. Isn't that the same as two congressmen getting up on the floor and saying the reason I voted for this, or I will vote for this legislation is X? You don't attribute that to the entire House of Representatives, do you? No, you do not. Then why should it be different in labor law? Not necessarily it should be any different. And if it is different in this case, or if it's not any different in this case, all we have is two individuals who say they agree with what their union representative told them about an unfair labor practice strike. We don't have a majority or a core nucleus or a mounting call for an unfair labor practice strike. What we have is individuals who are concerned about contract, getting a contract after five or six years and being shut out of it and then protecting themselves, i.e. using the unfair labor practice motive or the unfair labor practice strike benefits as a shield rather than a motivation. In other words, procedurally, they're trying to take a step or they tried to take a step that would protect their immediate reinstatement rights rather than deciding they wanted to support the discharge of someone who was discharged three and a half years ago when they had never... You agree that the motivation question is a question of fact, right? Yes, motivation is a question of fact. And we have to uphold the board as long as there's substantial evidence. Even if there were reasonable evidence on the other side, as long as a reasonable juror could conclude the board's conclusion was correct, that's all that's required. Well, what's required is the court must uphold the decision if there is substantial evidence, which evidence must be taken on the record as a whole in light of everything that would fairly detract from that evidence. Okay. The true purpose of the strike. But that already assumes something in your favor, that there's only one purpose that counts. But under the doctrine that it can be several and one ULP purpose is enough, those objections were really misframed. Well, I agree that it can be multiple purposes, but we showed that it was one true purpose because the uncontradicted testimony was they went on strike when they did because they wanted to inflict economic pressure on the company and cause it to lose a job, which it did. And I see, judges, my time's up, so I'll stop there. Okay. Thank you very much. Mr. Towns. Good morning, Your Honors. May it please the court, Greg Laro for the board, asking the court to enforce the board's order in full. In assessing whether a strike is an unfair labor practice strike, as Your Honors discussed this morning, the board asks whether the strike was motivated in part by unfair labor practices. In this case, substantial evidence says the answer is yes, and it's both objective and subjective evidence, and it's more than self-serving testimony. It's the credited testimony of two employees who testified who actually participated in that strike vote and strike meeting. Objective evidence confirming that motive, such as their picket signs and the letter the union sent to the company announcing an unfair labor practice strike, as well as the context of the strike meeting itself. The particular unfair labor practice here, the discharge of a leading union advocate, was still a concern for employees when the union called a meeting to hold a vote on whether to engage in an unfair labor practice strike. And I just admit that when all of this evidence is considered as a whole, a reasonable person or the board could find, based on that substantial evidence, that the strike was motivated in part by the unfair labor practice, and therefore was an unfair labor practice strike. Under the board's rules, assuming there's any sort of claim of unfair labor practice floating around, is there anything that prevents a union from shoehorning an economic strike into a mixed motive strike, therefore getting the advantages of a ULP strike? Well, your honor, in assessing whether the unfair labor practice was truly at least a contributing factor in the strike, the board will look at the testimony, make credibility determinations, decide whether it believes, in this case, the employee's testimony that that is why they struck, look at it and let it be a declaration. As long as there's an unfair labor practice that's floating around in the labor relations, that can't be very difficult. Well, it may not be difficult. We get some people to say we care about this. And if there's been something that's arguably an unfair labor practice, they probably genuinely care to a degree. Right. And if they genuinely care to agree, that would show that it was motivated in part by the unfair labor practice. And I hope I'm answering your honor's question. Well, again, you're sort of confirming my suspicion that it's almost impossible for the union not to be able to fit itself within this category. Right. But I'm also saying the board won't just take the union's word for it. It will look at the testimony and the evidence and make credibility determinations. What about the ALJ's disposition of what IPOC said? It said he couldn't have said that because it would contradict something else he said, his apparent agreement with the union position. And people contradict themselves all the time, right? It does happen. Wouldn't the real question be which, looking at the total situation, in which context was he more likely to have been telling the truth? Right. There certainly cannot be a rule, can there, that a self-contradiction automatically doesn't count? Well, in terms of the conversation between the employee, Mr. IPOC, and the manager, Mr. Davidson, there was a conflict as to what was said. And at the end of the day, the judge found that neither individual was particularly credible on that point. And so it was essentially a wash. And the judge properly said, let's look at the other accredited evidence. It supports a finding that the strike was motivated in at least in part by unfair labor practices. And even in Mr. IPOC's case, Mr. Davidson said he began by referencing an unfair labor practice strike. There was just a dispute over whether he turned around and said, we also really cared about economics. Of course, at the end of the day, if there are two motives for the strike and one of them is the unfair labor practice, it is an unfair labor practice, undisputable. But I just wish to clarify in response to my opponent's comments, this isn't just about the self-serving testimony of a union official or even employees. We have a wide array of evidence supporting the board here. I'm sorry, you have a question? Oh, I'm sorry. We have more than just self-serving testimony here. And as you said, as to self-serving, it's the agency's job to assess credibility, and they did, and they did so reasonably. But also the objective evidence confirms the finding that this was an unfair labor practice. The fact that economics and a desire to get a contract were also a frustration doesn't change that the unfair labor practice was a motive for the strike. And I also appreciate that we have other issues. But unless your honors have additional questions, I think we've explained in our brief why this was not an unprotected partial strike in the circumstances of this case, as well as why the two employers in question here were clearly single employers. Let me ask, does anybody on the bench have another question? All right, thank you very much. I thank the court for its time. Does the petitioner have any time? We'll give you two minutes. You're out of time, but we'll give you another two minutes. Thank you, your honors, and I will be very brief. I would just like to say in this case, sticking on the strike motivation issue, the judge evaluated evidence but categorized it. If it's signaling an economic motivation, the judge was able to wipe that all away by saying it only needs to be partially motivated by unfair labor practices. But by washing that evidence away, the judge was not able to consider whether the actual motivation was partially due to an unfair labor practice. Again, you're assuming there's one, quote, actual motivation. That isn't standard. I agree. And actual motivation is enough. Right. But the actual motivation is important. And just because there are economic factors or it is economic evidence doesn't mean that that economic evidence cannot show that the unfair labor practice claim has – The unfair labor practice was merely a cover of pretense and not really a factor in the voting. Otherwise, they would have struck immediately after the discharge or within a month of the discharge or a year or three years. Why is that? Why wouldn't they have trusted the legal system to resolve the question rather than put their economic well-being at risk? Because it's true that if they struck over an unfair labor practice, they might in the end get their money back, their wages, but they wouldn't be paid during that period and they would be at risk. And instead, they have the – they trust the NLRB and the Seventh Circuit to do the right thing. And in fact, at each stage, from their point of view, the NLRB and the Seventh Circuit did do the right thing. In each case, it ordered your company to reinstate the employee. At each stage, your company didn't. And finally, they are told that even after a second ruling by the NLRB, you're not going to reinstate the employee. You're going to go to the Seventh Circuit. And then they're told that settlement negotiations in the Seventh Circuit have broken down and you're still not going to do it. And at that moment, they decide to strike. It doesn't seem unreasonable that people will first put their faith in the legal system rather than resorting to self or, as we like to say, collective. No. That certainly can happen, Judge Garland. But in this case, no one ever asked or demanded or discussed with Sperlino returning Mr. Stevenson to work. Wasn't that the demand in the unfair labor practice filing before the NLRB that he be reinstated? Yes, that was the unfair labor practice charge. Yes, and the remedy sought was reinstatement with back pay. That's the typical remedy in that kind of unlawful termination. So when you say that no one ever asked him to be reinstated, that doesn't seem to be correct. There's a continuing demand that he be reinstated in the form of an unfair labor practice filing, isn't there? There's an unfair labor practice charge that the charging party files, and they do not claim a remedy. They merely file it. But on their behalf, the general counsel has claimed the remedy of reinstatement, right? Yes. Yes, you're right, Judge. Thank you, and I would argue for reversing the board. All right, we'll take the matter under submission. Thank you. We'll hear the next case.
judges: Garland, Williams, Randolph